UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

AYVA ENGELHARDT,

                Plaintiff,

   -against-

CHRIST HOSPITAL EMPLOYER, STAFF
EMPLOYEES, AND INDEPENDENT
CONTRACTORS; DR. PADMAVATHI
JONNALAGADDA, INTERNAL MEDICINE;
CHRIST HOSPITAL DR. ALAN PORT,
SURGEON; CHRIST HOSPITAL REV. KEVIN
L. MORRIS; DR. ROBERT LOWENSTEIN,
EMERGENCY MEDICINES; CHRIST
HOSPITAL DR. J. DOE, ANESTHESIOLOGIST;
CHRIST HOSPITAL J. DOE,
ANESTHESIOLOGIST NURSE; CHRIST
HOSPITAL J. DOE, ANESTHESIOLOGIST
STUDENT NURSE; CHRIST HOSPITAL J. DOE
ANESTHESIOLOGIST RESIDENT; CHRIST
HOSPITAL SOCIAL WORKER,

                Defendants.

-------------------------------------------------------------X

TRANSFER ORDER

13 Civ. 4291 (LTS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 13 2013

LAURA T. SWAIN, United States District Judge:

      Plaintiff, appearing *pro se,* brings this diversity action pursuant to 28 U.S.C. § 1332 alleging that Defendants caused the wrongful death of her husband. For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

      Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Under § 1391(c), a "natural person" resides in the district where the

Copies mailed/faxed to  *plaintiff*
Chambers of Judge Swain
9-13-2013

person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants caused the wrongful death of her husband at Christ Hospital in Jersey City, New Jersey. Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to her claim arose in this district, venue is not proper in this Court under § 1391(b)(1), (2). Plaintiff's claim arose in Jersey City, New Jersey, which is in the District of New Jersey. *See* 28 U.S.C. § 110. Accordingly, venue lies in the District of New Jersey, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

The Clerk of Court is directed to mail a copy of this order to Plaintiff. The Clerk of Court is further directed to transfer this action to the United States District Court for the District of New Jersey. This order supersedes the provision of Rule 83.1 of the Local Rules for the Southern District of New York that requires a seven-day delay before the Clerk of Court may effectuate the transfer of the case to the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

LAURA T. SWAIN
United States District Judge

Dated: September 13, 2013
New York, New York